# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRUCE A. BAKER,**  ] | |
| ] | |
| **Plaintiff,**  ] | |
| ] | |
| v.  ] | |
| ] | **CIVIL ACTION NO.** |
| **BIRMINGHAM BOARD OF**  ] | **2:06-CV-233-VEH** |
| **EDUCATION,**  ] | |
| ] | |
| **Defendant.**  ] | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

On January 31, 2006, Plaintiff Bruce A. Baker ("Baker") initiated this race discrimination and retaliation lawsuit pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 against Defendant Birmingham Board of Education (the "BBOE"). (Doc. #1). Pending before the court is the BBOE's Motion for Summary Judgment (Doc. #13) filed on January 18, 2007. For the reasons explained below, the BBOE's Motion for Summary Judgment is due to be granted on the basis of its statute of limitations affirmative defense.

### II.   BURDEN ON SUMMARY JUDGMENT

As the Eleventh Circuit has recently summarized the burden on summary

judgment, including those instances in which an affirmative defense is in issue:

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted). If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir.2003).

*International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1273 -74 (11th Cir. 2006).

### III. STATEMENT OF FACTS[1, 2]

####    A.    Baker's Background

Baker, a Caucasian male, was employed with the BBOE from August 1995 until March 29, 2003. AF No. 1.[3] Baker received a B.S. in Physical Education and Health and a coaching certificate from UAB. Baker is certified to teach health and physical education for kindergarten classes through the twelfth grade. AF No. 3.

While employed with the BBOE, Baker initially worked as a physical education teacher and coach for kindergarten through fifth grade at Arthur

---

[1] If the facts are in dispute, they are stated in the manner most favorable to the non-moving party. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Accordingly, these are the facts for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'") (citation omitted).

[2] Because of the procedural nature of the court's opinion on summary judgment, only an abbreviated statement of facts is necessary.

[3] The designation "AF" stands for admitted fact and indicates a fact offered by the BBOE that Baker has admitted in his written submissions on summary judgment, in his deposition testimony, or by virtue of any other evidence offered in support of his case. Whenever Baker has adequately disputed a fact offered by the BBOE, the court has accepted Baker's version. The court's numbering of admitted facts (*e.g.*, AF No. 1) corresponds to the numbering of the BBOE's Statement of Facts as set forth in Doc. #14 and responded to by Baker in Doc. #18. Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

Elementary School. (Doc. #1 ¶ 7). After working at Arthur Elementary School for approximately six (6) years, Baker obtained tenure. (*Id.* ¶ 17).

During the 2001-02 school year, the BBOE assigned Baker to Norwood Elementary School where he taught physical education for kindergarten through the fifth grade. (*Id.* ¶ 18). The principal of Norwood Elementary School during this time period was John Brown ("Principal Brown").

### B. Procedural History Relevant to Baker's Separation from the BBOE

Baker was placed on administrative leave with pay on October 15, 2001. AF No. 77. On November 19, 2001, Principal Brown requested that the BBOE consider terminating Baker's contract for the following stated reasons: 1) Baker's failure to follow school board procedures, including (a) his departure from school grounds without notifying the school administrator; and (b) his failure to report off properly; 2) Baker's unprofessional behavior; and 3) Baker's verbal threats made to parents and school board supervisors. AF No. 80.

On February 26, 2002, the BBOE proposed the termination of Baker's contract based upon the statutory grounds of incompetency, insubordination, neglect of duty, failure to perform duties in a satisfactory manner and "other good and just cause." AF No. 81. On March 11, 2002, Baker contested the proposed cancellation of his

contract. AF No. 82. The BBOE subsequently provided Baker with notice of his contract termination effective April 23, 2003. AF No. 86.

Baker filed his Notice of Appeal from the BBOE's Decision to the State Tenure Commission (the "Tenure Commission") on April 11, 2002. AF No. 83. Baker's race discrimination claims were fully briefed before the Tenure Commission, and oral argument was also presented. AF No. 84. On July 1, 2003, the Tenure Commission affirmed the cancellation of Baker's contract and held that its termination was in accordance with the tenure law and was neither arbitrarily unjust nor for personal or political reasons. AF No. 85.

## IV.   ANALYSIS

### A.   Statute of Limitations Applicable to Baker's Claims

The state statute of limitations for personal injury suits applies to § 1983 suits. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that " § 1983 claims are best characterized as personal injury actions" and affirming application of state statute of limitations applicable to personal injury claims). The state law link to § 1983 stems from its origination as part of the Civil Rights Act of 1871 (also known as the Klu Klux Klan Act of 1871) enacted pursuant to § 5 of the Fourteenth Amendment (which empowers Congress to enforce the provisions of the Fourteenth Amendment). *See Garcia*, 471 U.S. at 277 ("The unifying theme of the Civil Rights Act of 1871 is

reflected in the language of the Fourteenth Amendment that unequivocally recognizes the equal status of every 'person' subject to the jurisdiction of any of the several States.") (footnote omitted).

The Alabama statute of limitations for personal injury suits is two (2) years. Ala. Code § 6-2-38 (1975); *Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir. 1992). Accordingly, a statute of limitations of two (2) years applies to all § 1983 claims brought in Alabama.

As the Eleventh Circuit recently explained in *Palmer v. Stewart County School Dist.*, 178 Fed. Appx. 999 (11th Cir. 2006), relying upon Georgia law, which also has a two (2)-year limitations period for personal injury suits:

> As previously stated, a § 1981 claim against a state actor must be brought under § 1983. *Butts*, 222 F.3d at 892-894. Therefore, Palmer has no cause of action under § 1981, except against Ray in her individual capacity. Unlike § 1981, § 1983 has not been amended after December 1, 1990, and we apply the statute of limitations given by state law, which, in Georgia, is two years for all § 1983 claims. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Therefore, with the exception of the dismissal of the § 1981 claim against Ray in her individual capacity, we affirm the dismissal of the claims related to the pay disparity as time-barred.

178 Fed. Appx. at 1003.[4] In arriving at the decision that the application of a two (2)-

---

[4] Upon remand, the district court ruled in *Palmer* "that the plaintiff's pay discrimination claim related to her initial terms of employment, and therefore were actionable under § 1981 prior to the amendments and now [were] time-barred." *Palmer v. Stewart County School Dist.*, No. 06-13813, 2007 WL 177666, *1 (11th

year statute of limitations period is appropriate, the Eleventh Circuit expressly rejected the plaintiff's position that the catchall four (4)-year period should apply to claims asserted through § 1983 because, unlike § 1981, § 1983 remained unchanged by the 1991 amendments. *Id.* at 1002 ("She argues that a four-year catch-all statute of limitations applies to § 1981."); *see also Palmer*, 178 Fed. Appx. at 1003 ("However, the four year statute of limitations applies only if the cause of action was not available before the 1991 amendments to the statute.") (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 373 (2004)).

Unlike the plaintiff in the *Palmer* case, Baker has not asserted any individual capacity claims under § 1981. Instead, all his claims are asserted against the state actor, BBOE, pursuant to "§ 1981, BY AND THROUGH § 1983." (*See, e.g.*, Doc. #1 at 13, 15). Accordingly, and consistent with *Palmer*, all of Baker's claims are governed by Alabama's two (2)-year statute of limitations period applicable to personal injury claims.

### B.     Two (2)-Year Statute of Limitations Bars Baker's Claims

Based upon the undisputed facts above, the latest dates upon which Baker

---

Cir. Jan. 25, 2007). On appeal from this decision, the Eleventh Circuit affirmed the district court's dismissal of the plaintiff's remaining pay discrimination claim under § 1981. *Id.*, at *2. The plaintiff's subsequent efforts for a rehearing and a rehearing en banc were denied. *See Palmer*, --- F.3d ---- (11th Cir. Mar. 19, 2007) (Table No. 06-13813).

would have experienced any alleged discriminatory or retaliatory conduct on the part of the BBOE is either April 23, 2003, the effective date of his separation, or July 1, 2003, the date upon which the Tenure Commission confirmed his separation from the BBOE.  Baker initiated this lawsuit on January 31, 2006, which is over two (2) years and nine (9) months after the date upon which the termination of his contract took effect and over two (2)years and six (6) months after the decision became final.  Accordingly, Baker's claims, regardless of their substantive merit,[5] are time-barred as a matter of law.

### V. CONCLUSION

As analyzed above, the BBOE's Motion for Summary Judgment is due to be granted because Baker's race discrimination and retaliation claims asserted under § 1981 pursuant to § 1983 are time-barred.  The court will enter a separate order.

**DONE** and **ORDERED** this 20th day of April, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5] Because the court concludes that Baker's claims against the BBOE are all procedurally time-barred, it does not reach any of the substantive issues raised by the parties as to the merits of Baker's race discrimination and retaliation claims.